IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEVEN LYNN FONTINOTT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case NO. CIV-07-1406-R |
| | ) | |
| WALTER DINWIDDIE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for preliminary review. On March 20, 2008 Judge Bacharach issued a Report and Recommendation wherein he recommended that the petition be denied. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation. As such, the Court must undertake a *de novo* review of any portion of the Report and Recommendation to which Petitioner makes specific objection.

Petitioner challenges Judge Bacharach's reliance on the version of Okla. Stat. tit. 63 § 2-402(A)(1) contained in the 2005 supplement, asserting that the applicable section of the statute was amended after the date he was charged. Petitioner's contention is without merit, the statute read at the time of Petitioner's arrest, and reads today, that "[i]t shall be unlawful for any person knowingly or intentionally to possess a controlled dangerous substance. . . ." Petitioner's argument that the jury was improperly instructed because the trial court did not utilize the Oklahoma Uniform Jury Instruction, which utilizes "and" rather than "or" does

not provide a basis for habeas corpus relief.

Petitioner also challenged the sufficiency of the evidence, a claim first raised on direct appeal. Judge Bacharach recommends that habeas corpus relief be denied with regard to this claim, concluding that the Oklahoma Court of Criminal Appeals applied the correct standard from *Jackson v. Virginia*, 443 U.S. 307 (1979) in reviewing Petitioner's claim. Judge Bacharach additionally concluded that the Oklahoma Court of Criminal Appeals did not unreasonably determine that the evidence was sufficient to convict Petitioner of possession of methamphetamine. Having reviewed the Report and Recommendation and the transcript, as well as the opinion of the Oklahoma Court of Criminal Appeals on direct appeal, the Court concludes that Petitioner is not entitled to habeas corpus relief. The inferences Petitioner advances were clearly not adopted by the jury. Petitioner has failed to establish that the Oklahoma Court of Criminal Appeals' determination was contrary to or an unreasonable application of clearly established federal law, and therefore, he is not entitled to habeas corpus relief.

In Ground Three Petitioner alleges prosecutorial misconduct. Judge Bacharach recommended that habeas corpus relief be denied on this claim, concluding that the Oklahoma Court of Criminal Appeals' conclusion that the prosecutor did not improperly vouch for the credibility of a police officer was not the unreasonable application of clearly established federal law. Petitioner has provided no basis for concluding that Judge Bacharach's conclusion in this regard is erroneous. Accordingly, the Report and Recommendation is adopted with regard to Petitioner's prosecutorial misconduct claim.

In Ground Four, Petitioner asserts claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel. Judge Bacharach concluded that the Oklahoma Court of Criminal Appeals' decision with regard to these claims was not unreasonable. Having rejected Petitioner's claims that the jury instructions were improper and that the prosecutor vouched for the credibility of a witness, it necessarily follows that Petitioner was not prejudiced by trial counsel's failure to object to these two items at trial. These are the only two instances of ineffective assistance of trial counsel noted by Petitioner. As such, the Report and Recommendation is adopted with regard to Petitioner ineffective assistance of trial counsel claim.

In his ineffective assistance of appellate counsel claim, Petitioner alleges that appellate counsel should have argued that the traffic stop and attendant search of his vehicle violated the Fourth Amendment. Petitioner further asserts that because trial counsel and appellate counsel were different that appellate counsel should have challenged trial counsel's failure to file a motion to suppress as constituting ineffective assistance of trial counsel. Judge Bacharach concluded that there was no evidence in the trial record to indicate that Officer Phillips' traffic stop was improper so as to give rise to a basis for challenging the search on direct appeal or trial counsel's failure to challenge the search. Because the error was not obvious from the trial record, *see Hammon v. Ward*, 466 F.3d 919, 931 (10th Cir. 2006), appellate counsel was not ineffective for failing to raise the issue and thus habeas corpus relief is not warranted.

In his final ground for relief Petitioner alleges cumulative error. Because the Court

3

has found no constitutional errors, Petitioner is not entitled to relief on this basis.

For the reasons set forth herein, the Report and Recommendation is ADOPTED IN ITS ENTIRETY, and Petition for Writ of Habeas Corpus is DENIED. Judgment shall be entered in favor of the Respondent. Additionally, Petitioner's requests for an evidentiary hearing and the appointment of counsel are DENIED for the reasons set forth in the Report and Recommendation.

IT IS SO ORDERED this 10th day of April 2008.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE